**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| BRIAN VINK | CASE NO. 21-12804 |
|     *Plaintiff*, | HON. SHALINA D. KUMAR |
| v. | DISTRICT JUDGE |
| JOSEPH NATOLE, DAVID LOPEZ, JENIFFER LNU, JANE DOE, MARK BOOMERSHINE, and JORDAN BLOCK, | HON. PATRICIA T. MORRIS MAGISTRATE JUDGE |
|     *Defendants*. | |
| _____/ | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS THE CASE FOR FAILURE TO PROSECUTE

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and Eastern District of Michigan Local Rule 41.2.

**II.    REPORT**

Plaintiff Brian Vink, proceeding *pro se*, filed suit against the above Defendants on November 23, 2021, alleging they violated his constitutional rights while incarcerated at the Muskegon County jail. (ECF No. 1.) Plaintiff filed a notice of appeal and the Sixth Circuit issued an Order dated February 6, 2023, dismissing the appeal for lack of jurisdiction because the Order complained about, i.e., the order referring all pretrial matters to the magistrate judge, was not a final appealable order. (ECF Nos. 16, 17.) A *sua sponte*

1

order extending the summons was entered on February 9, 2023 (ECF No. 18), but Plaintiff has failed to effectuate service or otherwise prosecute his claims since then. On March 15, 2023, the Court entered an Order to show cause on or before March 31, 2023, why the case should not be dismissed for failure to prosecute under Rule 41(b). (ECF No. 20.) Plaintiff has not responded to the show cause order as of today's date.

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed R. Civ. P. 41(b). Local Rule 41.2 mirrors the federal rule, providing that "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. R. 41.2.

Dismissal for failure to prosecute is "available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)).

The Sixth Circuit has established four factors in determining whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

2

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

Applying these factors here, the first supports dismissal. And, as explained above, Plaintiff disregarded the deadline imposed by the show cause order and by the court's own *sua sponte* extended deadline for issuing a summons. Plaintiff has failed to explain why service could not be made. Plaintiff's failure to execute his duties or comply with the Court's order evidences at least fault, if not also willfulness or bad faith.

It is true that when a plaintiff is proceeding *pro se*, his or her filings and arguments are liberally construed in his or her favor. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Indeed, "[w]here, as here, the Plaintiff is proceeding *pro se*, the Court considers that such a litigation 'may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training[.]'" *Brinkley v. Comm'r of Soc. Sec.*, No. 14-13560, 2015 WL 1637598, at *2 (E.D. Mich. Apr. 13, 2015) (quoting *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)). However, "'there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.'" *Id.*; *see also Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (dismissing a *pro se* litigant's case with

3

prejudice); *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) ("[T]he Court must . . . balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines.").

The second factor, prejudice to Defendant, does not support dismissal. It is not clear that Defendant even knows this case exists. As to the third factor, Plaintiff was warned that his case could be dismissed, which supports dismissal. (ECF No. 20.)

The final factor is whether a lesser sanction would suffice. I conclude it would not. Softer penalties have been imposed when a plaintiff has failed to serve process, so that the attorney's sins are not visited upon the client. *See, e.g.*, *Harper v. Comm'r of Soc. Sec.*, No. 16-11428, 2017 WL 3116279, at *2–3 (E.D. Mich. 2016). However, considering that Plaintiff is proceeding *pro se*, he cannot place blame on counsel—Plaintiff has been absent from this case since his filing of the appeal in December of 2022. (ECF No. 14.) Plaintiff has been warned that his continued absence would result in dismissal. (ECF No. 20.) It is unclear that a sanction less than dismissal would have any impact. In light of the above factors, I suggest this case is suitable for dismissal under Rule 41(b).

Further, caselaw supports dismissal. Many courts have dismissed cases for failure to prosecute when a plaintiff has failed to serve process. *See, e.g.*, *Devlin v. Comm'r of Soc. Sec.*, No. 08-13064, 2009 WL 3199017, at *1–2 (E.D. Mich. 2009) (dismissing case for failure to prosecute due to the plaintiff's failure to serve the Commissioner); *see also Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 351 (S.D. N.Y. 2005) ("It is unquestioned that an 'unreasonable' delay in serving process can constitute a

4

failure to prosecute." (collecting cases)); 9 Wright & Miller, FED. PRAC. & PROC. CIV. § 2370 (3d ed., 2018 update) ("The plaintiff's failure to exercise diligence in serving a defendant with process after suit has been filed has been held to justify dismissal for want of prosecution."). Dismissals also have been upheld for roughly equivalent forms of inaction. *See, e.g.*, *Wilson*, 2018 WL 304330, at *1 (recommending dismissal where plaintiff failed to file a motion for summary judgment or show cause for the failure), *rep. & rec. adopted*, 2018 WL 3036406 (E.D. Mich. 2018); *Metzger v. Comm'r of Soc. Sec.*, No. 13-13842, 2014 WL 5782716, at *1–2 (E.D. Mich. 2014) (dismissing case where plaintiff failed to file a motion for summary judgment or show cause for the failure); *Ewing v. Comm'r of Soc. Sec.*, No. 14-10960, 2014 WL 5605413, at *1 (E.D. Mich. 2014) (recommending dismissal in the same circumstances), *rep. & rec. adopted*, 2014 WL 5605521 (E.D. Mich. 2014); *Frazier v. Comm'r of Soc. Sec.*, No. 10-15120, 2012 WL 760799, at *1 (E.D. Mich. 2012) (same), *rep. & rec. adopted*, 2012 WL 760805 (E.D. Mich. 2012). In short, the caselaw supports dismissal where a plaintiff has failed to serve process or take other similar steps.

For the reasons stated above, the Court **RECOMMENDS** that Plaintiff's complaint (ECF No. 1) be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may

respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 20, 2023                                  S/ PATRICIA T. MORRIS
                                                      Patricia T. Morris
                                                      United States Magistrate Judge